993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VALLEY NATIONAL BANK OF ARIZONA, Plaintiff-Appellee,
v.
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland
corporation, the United States Fidelity and
Guaranty Company, a Maryland
corporation, Defendants-Appellants.
 No. 91-16807.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1993.
Decided May 19, 1993.
 
 Before: FERGUSON, CANBY, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fidelity and Deposit Company of Maryland ("F & D") and United States Fidelity and Guaranty Company of Maryland ("USF & G") appeal from the district court's summary judgment in favor of Valley Bank of Arizona ("Valley Bank") in Valley Bank's action alleging breach of contract, breach of fiduciary duties, and misrepresentation. Specifically, F & D and USF & G challenge the district court's determination, based on the law of the case doctrine, that the deductible amount applicable to Valley Bank's loss under the Banker's Bond issued by F & D and USF & G was $250,000. We reverse the district court's decision granting partial summary judgment in favor of Valley Bank as to the applicable deductible and we grant F & D and USF & G's cross-motion for partial summary judgment.
 
 
 3
 It is uncontested that the new 1987 Financial Institution Bond ("FIB") was not in effect at the time of the loss. Although the district court found that the 1984 Banker's Bond is the controlling policy, we hold that there was also a binder contract in effect extending the coverage of that bond, and that further, it modified the 1984 Banker's Bond coverage by increasing the deductible to one million dollars.
 
 
 4
 Binders are separate contracts of temporary insurance and come into effect in accordance with the intent of the parties. Statewide Ins. Corp. v. Dewar, 143 Ariz. 553, 556, 694 P.2d 1167, 1170 (1984). By mutual agreement, the parties intended the binder to be given effect and to modify the policy. Counsel for Valley Bank admitted at oral argument that the binder was to be given effect. Further, Mr. Cronin, the insurance agent, acting on behalf of the insurance companies, stated that the two binders (effective 7/1/87 to 9/1/87 and 9/1/87 to 11/1/87) were issued to let bank examiners know that Valley Bank had blanket bond coverage. Therefore, since both sides agreed that the binders were needed, the binders were effective and enforceable against both parties.
 
 
 5
 When the binders were issued, by their express language they not only extended the coverage of the 1984 Banker's Bond, but they also contained two additional provisions. The first provision included as "Named Insureds" 12 banks in Utah, and, the second provision which was listed under "special condition/other coverages," specifies a deductible amount of one million dollars.
 
 
 6
 It is well-established that a binding contract is formed when the parties mutually consent to all material terms. Hill-Shafer Partnership v. Chilson Family Trust, 165 Ariz. 469, 799 P.2d 810, 814 (1990). While the insurance company must observe the terms of its contract construed most favorably to protect the insured, the latter may not, with absolute immunity ignore what he has agreed to. Arizona Fire Ins. Co. v. C.D. Dillingham, 23 Ariz. 508, 516, 205 P. 589 (1922).
 
 
 7
 The evidence shows that Valley Bank consented to the increased deductible amount of one million dollars. Mr. Gideon Eugene Wright, the bank's vice president, testified that it was his opinion that the one million dollar deductible applied to the bank's loss, regardless of which policy governed the loss. Further, Mr. Wright testified that he stated in a report to the Comptroller of the Currency that the deductible at the time of the loss was one million dollars. None of the testimony of Mr. Wright was refuted by Valley Bank. The insurance companies' agent, Mr. Mikal Cronin, testified that he did not intend to change the deductible provision in the 1984 Banker's Bond, but that he intended to issue the binder with a one million dollar deductible provision to be effective July 1987.
 
 
 8
 The parties have agreed that the binder was effective, and the evidence shows that the parties intended that the million dollar deductible stated in the binder which extended the coverage contained in the 1984 Bankers Bond, would apply to the July 1987 loss.
 
 
 9
 While it is clear on the face of the binder that two additional provisions are added to the Bankers Bond policy, we are only deciding the deductible issue which was raised on appeal, and we are not deciding whether the 12 Utah banks are covered under the policy. The judgment granting Valley Bank's motion for partial summary judgment is REVERSED and we grant F & D and USF & G's motion for partial summary judgment to the effect that the applicable deductible at the time of the July loss was one million dollars.
 
 
 10
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3